UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| RICARDO HERNÁNDEZ-PIÑEIRO,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 13-1808 (PG)<br><br>(Crim. 08-079) |

**OPINION AND ORDER**

Petitioner, Ricardo Hernández-Piñeiro, brings this petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed violated his rights under federal law. He requests an order to vacate, set aside, or correct the sentence imposed in Cr. No. 08-079. (Docket No. 1.)

**I.   BACKGROUND**

After being apprehended at sea in a vessel transporting more than 400 kilograms of cocaine, Petitioner was indicted for conspiracy and aiding and abetting with intent to distribute cocaine in violation of 46 U.S.C. § 70502 and § 70506 (a) and 46 U.S.C. § 70502, § 70503 (a)(1), § 70506 (a) and 18 U.S.C. § 2. (Crim. No. 08-079 Docket No. 12.) On December 18, 2008, Petitioner, pursuant to a plea agreement, pled guilty as to the conspiracy charge. (Docket No. 54.) This Court sentenced Petitioner to the statutory minimum of 120 months in prison. (Id.) The judgment was entered on March 31, 2009. (Docket No. 63.) Petitioner did not appeal. On October 24, 2013, Petitioner filed this § 2255 motion. (Civ. No. 13-1808, Docket No. 1.) The government opposes. (Docket No. 6.)

## II.  LEGAL STANDARD

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court.  See 28 U.S.C. § 2255.  A federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States."  Id.  A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default.  See United States v. Frady, 456 U.S. 152, 167 (1982).  Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness."  Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994).  Claims of ineffective assistance of counsel, however, are exceptions to this rule.  See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

## III. DISCUSSION

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law.  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255, has a limitations period of one year.  See § 2255(f).  The period begins to run from "the date on which the conviction becomes final."  § 2255(f)(1); see also Clay v. United States, 537 U.S. 522, 525 (2003) (beginning 1-year period of limitations from "the date on

which the judgment of conviction becomes final"). Judgment becomes final when the time for filing a petition for certiorari with the Supreme Court expires. Gonzalez v. Thaler, 565 U.S. ___, ___, 132 S.Ct. 641, 653-54 (2012).

Here, Petitioner did not appeal and judgment was entered on April 14, 2009. The one-year limitations period specified in § 2255(f) expired one year later, on April 14, 2010. Petitioner waited until October 24, 2013, to file a § 2255 motion. (Docket No. 1.) This was more than three years after the one-year limitations period expired. Thus, Petitioner's claim is untimely and subject to dismissal.

Petitioner asserts, however, that, under §2255 (f)(3), he is entitled to a reset of the one year limitation period starting from the date the Supreme Court issued its decision in Alleyne v. United States, 570 U.S. ___, 133 S.Ct. 2151 (2013). Petitioner argues that Alleyne provides a new rule of constitutional law that applies retroactively to cases on collateral review. However, Petitioner's reliance on Alleyne is misplaced.

In Alleyne, the Supreme Court extended the reach of a principle, first articulated in Apprendi v. New Jersey, 530 U.S. 466 (2000), requiring that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt. The Supreme Court has given no indication as that Alleyne applies retroactively to cases on collateral review. However, the Supreme Court previously held, in United States v. Booker, 543 U.S. 220 (2005), that Apprendi was not retroactively applicable. See also Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013)(suggesting, without deciding, that because "Alleyne is an extension of Apprendi ... [t]his implies that the [Supreme] Court will not declare Alleyne to be retroactive.") Moreover, no court has yet

treated Alleyne as retroactive to cases on collateral review. See, e.g., United States v. Redd, 735 F.3d 88, 91–92 (2d Cir.2013)(holding that *Alleyne* does not apply to cases on collateral review); United States v. Reyes, 755 F.3d 210, 212-13 (3rd Cir. 2014)(same); In re Kemper, 735 F.3d 211, 212 (5th Cir.2013)(same); Rogers v. United States, 561 Fed.Appx. 440, 442 (6th Cir. 2014)(same); United States v. Hoon, 762 F.3d 1172, 1173 (10th Cir. 2014)(same); United States v. Harris, 741 F.3d 1245 (11th Cir. 2014)(same); Castro-Davis v. United States, 2014 WL 1056528 (D.P.R. March 18, 2014); Lassalle-Velazquez v. United States, 2013 WL4459044 (D.P.R. Aug. 16, 2013); United States v. Stanley, 2013 WL 3752126, at *7 (N.D. Okla. July 16, 2013); United States v. Eziolisa, 2013 WL 3812087, at *2 (S.D. Ohio July 22, 2013); Affolter v. United States, 2013 WL 3884176, at *2 (E.D. Mo. July 26, 2013). Since neither the Supreme Court nor the First Circuit has held Alleyne to be retroactively applicable, we decline to do so here.

Even if the holding of Alleyne were retroactively applicable, we are certain it would be of no help to the Petitioner. The only statutory minimum applied during Petitioner's sentencing — relating to the conspiracy charge — is covered by the plea agreement entered into by Petitioner. In other words, Petitioner was sentenced to the term he freely bargained for. (Crim. Docket No. 63.)

### IV.   CERTIFICATE OF APPEALABILITY

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.   CONCLUSION

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion. (Docket No. 1.) Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 4th day of November, 2014.

**S/ JUAN M. PÉREZ-GIMÉNEZ**
**JUAN M. PÉREZ-GIMÉNEZ**
**UNITED STATES DISTRICT JUDGE**